IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOCKEITH JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13-cv-0728-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In April 2012, Petitioner Jockeith Jones pled guilty to three counts of distributing cocaine base and was ultimately sentenced to 151 months in federal prison. When he committed his federal offenses, Jones had two prior state drug convictions and one state aggravated battery conviction, meaning that he qualified for a career offender enhancement to his sentence under Section 4B1.1 of the United States Sentencing Guidelines. Jones didn't appeal his sentence, but in mid-2013, he filed a petition to correct it pursuant to 28 U.S.C. § 2255, claiming that his appointed lawyer blundered his sentencing by not objecting to his career offender classification on the grounds that the United States had to offer more documentation at the hearing to show that his three state crimes were properly counted as career predicates. Three years later, Jones amended his petition to include a claim that some of his state crimes couldn't be used as predicates for a career offender enhancement in light of the Supreme Court's recent decision in *Johnson v. United States*, **135 S. Ct. 2551 (2015).** Jones was appointed

counsel for his *Johnson* claim only, and his initial claim and his amended claim are now before the Court for review. Because Jones' three state convictions all qualify as predicates for a career offender classification and because none of those predicates were impacted by *Johnson*, the Court must deny Jones' § 2255 requests for relief.

## Background

In early 2012, Jockeith Jones was indicted on three charges of distribution of cocaine base, in violation of 21 U.S.C. § 841. Daniel Cronin of the Federal Public Defender's Office was appointed to represent Jones, and Jones' case proceeded to discovery. During the course of discovery, the United States turned over a number of documents to Jones, including material concerning the federal drug charges against him and material related to Jones' past criminal history. The latter set of documents reflected that Jones pled guilty to a charge of aggravated battery under Illinois law in October 2008, to a charge of unlawful delivery of a controlled substance under Illinois law in November 2003, and to another charge of unlawful delivery of a controlled substance under Illinois law in February 2003. In light of the evidence concerning the federal drug charges against him, Jones pled guilty to those charges in April 2012.

As a part of his plea, Jones signed a plea agreement and a stipulation of facts. In the plea agreement, Jones conceded that he "qualif[ied] as a career offender" under the Sentencing Guidelines, as his February 2003 and November 2003 drug offenses were "controlled substances offenses" within the meaning of Section 4B1.1 of the Guidelines, and his 2008 aggravated battery conviction was a "crime of violence" within the meaning of the same section. The undersigned questioned Jones about the plea

2

agreement and his counsel's performance during the change of plea hearing in April 2012, and Jones confirmed that he understood the possible penalties he faced given his guilty plea and his career offender classification, that he had gone over the plea agreement with his lawyer, that his lawyer was able to answer all of his questions concerning the plea, that he was satisfied with his lawyer's representation, and that his lawyer hadn't refused any of Jones' requests.  Given Jones' responses, the Court found that his plea was knowing and voluntary and found him guilty of the drug charges.

Jones' sentencing hearing occurred on July 27, 2012.  To assist the Court in the sentencing process, the United States Probation Office submitted a presentence investigation report.  That report outlined Jones' criminal history and assigned him three criminal history points for his February 2003 unlawful delivery conviction, three criminal history points based on his November 2003 unlawful delivery conviction, and three criminal history points based on his October 2008 aggravated battery conviction.  Consistent with Jones' plea agreement, the probation officer also recommended that Jones be sentenced as a career offender under Section 4B1.1 of the Guidelines—Jones only needed two prior convictions for drugs or a crime of violence to satisfy the career requirements, and his three previous state convictions were more than enough.  No one objected to Jones' criminal history calculation or his career offender classification.  The undersigned ultimately agreed that a career offender enhancement was proper, and sentenced Jones to 151 months for each count, to run concurrently.

Jones didn't appeal his sentence, but on July 23, 2013, he filed a petition to correct his sentence under 28 U.S.C. § 2255, claiming that his appointed counsel bungled his

3

sentencing by not requiring the United States to submit "*Taylor*-approved documentation" to back up his predicate career offender classification, as Jones says is required under the Supreme Court's decision in *Taylor v. United States*, **495 U.S. 575 (1990)**.  In June 2016, Jones filed an application for leave to file a second petition under 28 U.S.C. § 2255 in the Seventh Circuit, arguing that his career offender classification was made up of state crimes that were counted as predicates through Section 4B1.1's residual clause, and thus the classification was invalid under the Supreme Court's recent decision in *Johnson v. United States*, **135 S. Ct. 2551 (2015)**.  Because Jones' original petition was still pending in this Court, the Seventh Circuit transferred the application to the undersigned to be treated as a motion to amend the original petition.  The Court granted that motion in August 2016, and appointed counsel to assist Jones on his *Johnson* claim only.  The United States has responded to Jones' *Taylor-* and *Johnson*-related claims, and Jones' appointed counsel has filed a brief stating that Jones has no viable *Johnson* claim.  The entirety of Jones' petition is thus ripe for review.

## Discussion

The Court will begin with Jones' *Taylor*-related claim in his initial petition, but before the Court delves into the merits of that claim, one threshold note is in order.  As a part of his plea in this case, Jones agreed to waive a great deal of his habeas-related rights—he said that he wouldn't "contest any aspect of his conviction and sentence" that could be contested under Title 18 or Title 28 of the United States Code.  These waivers are typically enforced, as they represent a quid pro quo between the United States and a defendant where both gave up advantages to obtain something from the

4

other.  *United States v. Wenger*, **58 F.3d 280, 282 (7th Cir. 1995).**  There are exceptions to the rule, the most common being for ineffective assistance of counsel claims related to the plea stage or ineffective assistance claims concerning conduct before the plea, but other ineffective assistance claims, particularly those concerning conduct at sentencing, are usually caught in the teeth of a plea waiver.  *E.g.*, *Bridgeman v. United States*, **229 F.3d 589, 593-94 (7th Cir. 2000);** *Mason v. United States*, **211 F.3d 1065, 1069-70 (7th Cir. 2000).**  The claim in Jones' initial § 2255 petition concerns his counsel's performance at sentencing and says nothing about shoddy performance at the plea stage or prior to it, so the waiver should stop Jones' initial claim in its tracks.  The emphasis is on "should."  For reasons the Court can't fathom, the United States has decided not to enforce the plea waiver as to Jones' initial petition, meaning that the United States has waived resort to the waiver and the Court must evaluate the merits of Jones' sentencing-related claim.  *United States v. Buckley*, **571 F. App'x 472, 476 (7th Cir. 2014).**

Jones' initial petition for § 2255 relief is a bit tough to follow:  he seems to claim that his lawyer should have objected to the career offender classification at the sentencing and demanded that the United States submit documents to show that Jones' past state convictions counted as predicates for a career enhancement.  To make out a claim of ineffective assistance, Jones must demonstrate that his counsel's performance was deficient and that, but for counsel's deficient performance, a "reasonable probability exists that he would have received a different sentence."  *Mertz v. Williams*, **771 F.3d 1035, 1043-44 (7th Cir. 2014).**  Both aspects of this test must be demonstrated by a § 2255 petitioner to succeed—if a prisoner fails to make an adequate showing on

5

deficient performance or prejudice, he hasn't established ineffective assistance, and his claim must fail. **United States v. Montgomery, 23 F.3d 1130, 1134 (7th Cir. 1994).**

Jones' arguments in his initial petition trip over the deficiency requirement. Jones conceded in his written plea agreement that his two state drug offenses and his single state aggravated battery offense qualified as predicates under the career offender provision of the Guidelines, that he qualified as a career offender for sentencing purposes, and that he had no quarrel with his counsel's performance throughout the plea process. Jones confirmed all of those statements about his career classification and his attorney's admirable performance at the plea colloquy—he was asked by the undersigned about the career offender classification and about his lawyer's work to date, and Jones admitted that he understood the penalties for a career offender classification, that he had reviewed his plea agreement with his lawyer, that his lawyer had been willing and able to do anything Jones requested, and that he was fully satisfied with his lawyer's representation. All of those statements are entitled to a presumption of verity, **Barker v. United States, 7 F.3d 629, 634 n.5 (7th Cir. 1993)**, and Jones doesn't claim anywhere in his petition that his statements weren't truthful or should be disregarded—he says absolutely nothing about his lawyer's conduct at the plea stage of his case. At bottom, Jones conceded the girders for his career classification at the plea, so there's no basis to say that his lawyer performed deficiently by not challenging the same point at sentencing, especially given that Jones told the undersigned that he was happy with his lawyer's performance at the plea.

There's another reason why Jones' initial petition must fail, one less to do with counsel's performance and more to do with a lack of prejudice. Jones insists that more documentation was needed before his state convictions could count as predicates for a federal sentencing enhancement, but the level of documentation the Court should (or even can) consider varies. *Taylor* and its progeny—including *Mathis v. United States*, **136 S. Ct. 2243, 2254-55 (2016)**, *Descamps v. United States*, **133 S. Ct. 2276, 2285-86 (2013)**, and *Shepard v. United States*, **544 U.S. 13, 16 (2005)**—only permit a look at certain collateral documents attendant to a state conviction when the state conviction was premised on a statute that lists multiple, alternative elements, thereby creating several different crimes. If some of those alternative crimes would qualify as a career offender predicate for federal sentencing purposes and some wouldn't, the state statute is deemed "divisible," and the Court can look to a limited group of documents to determine which portion of the state statute the federal defendant violated—if he violated the portion of the statute that matches with the crime enumerated in the federal enhancement, the state crime can count as a predicate for the federal enhancement; if he didn't, it can't. *Stanley v. United States*, **827 F.3d 526, 566 (7th Cir. 2016).** Other situations don't necessitate (or allow) a look at extraneous documents. For example, if the state statute puts forth crimes that are all equal to the crimes stated in the federal enhancement, the state conviction counts as a predicate, without any need to resort to extraneous documents. *United States v. Edwards*, **— F.3d —, 2016 WL 4698952, at *3 (7th Cir. Sept. 8, 2016);** *United States v. Taylor*, **630 F.3d 629, 633 (7th Cir. 2010).** Conversely, if one element of the statute of conviction is broader than an element

7

of the predicate crime listed in the Guidelines, the Court can't resort to extraneous documents to determine whether the facts of the case show that the state crime should count as a predicate under the Guidelines.  ***Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016).**  That's true even if the statute lists alternative means of satisfying the broader element, and even if some of those means look like a predicate under the Guidelines.  That kind of statute is "nondivisible," and a conviction under it can't be counted as a predicate regardless of the facts of the defendant's conviction.  *See id.*

So the critical question is what documents the Court could consider, and whether those documents show that Jones' state crimes qualified as career offender predicates.  If the available documents show that Jones' state crimes count, then he's suffered no harm, and the *Taylor*-related arguments in his initial petition must fail.  As to Jones' state drug offenses, those would have counted as predicates regardless of what documentation Jones' lawyer would have pressed for at sentencing.  The evidence available to the United States and Jones' lawyer during sentencing—and the evidence presented to the Court during the briefing here—included a November 2003 felony judgment against Jones for unlawful delivery of a controlled substance while on public housing agency property, in violation of **720 ILL. COMP. STAT. 570/407(b)(1)** and **720 ILL. COMP. STAT. 570/401(c)(2)**; and a February 2003 felony judgment for straight-up unlawful delivery of a controlled substance in violation of **720 ILL. COMP. STAT. 570/401(d)**. Section 570/401 states that it is unlawful for any person knowingly to "manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog," or to "possess any

8

methamphetamine manufacturing chemical listed" elsewhere in the statute "with the intent to manufacture methamphetamine or the salt of an optical isomer of methamphetamine or an analog thereof." Both of those alternative crimes match up with the definition for "controlled substance offenses" under Section 4B1.2 of the Guidelines, so there was no need for the Court or the parties to examine extraneous documents to determine whether Jones' drug convictions counted as predicates—they were adult convictions for crimes punishable by imprisonment for at least one year, so the fact of conviction was enough. *E.g., United States v. Holmes*, 623 F. App'x 813, 814-15 (7th Cir. 2015); *United States v. Mason*, 355 F. App'x 65, 65-66 (7th Cir. 2009).

Jones' 2008 state conviction for aggravated battery also would have counted as a predicate regardless of any effort by Jones' lawyer to press for more documents. Like his drug convictions, the evidence available to the parties at the hearing—and offered to the Court now—includes Jones' 2008 judgment on that charge, as well as Jones' plea order and his indictment. The judgment shows that Jones pled guilty to a charge of aggravated battery, in violation of **720 ILL. COMP. STAT. 5/12-4**. Section 5/12-4 classifies both violent and nonviolent battery as aggravated: a battery can be aggravated because it causes "great bodily harm" or it can be aggravated because the underlying battery—which itself can consist of causing bodily harm or making insulting contact—was directed at a certain person, like a peace officer. Meanwhile, Section 4B1.1 of the Guidelines says that a state conviction qualifies as a predicate if it was for a "crime of violence," and one way it can qualify as a crime of violence is if the state crime has as an element the use of physical force against another. That's a possible mismatch between

9

the Illinois statute and the career offender provision in the Guidelines: an Illinois aggravated battery conviction could be for battery that causes "great bodily harm," which would qualify as a crime of violence under the Guidelines, or it could be for battery involving insulting contact with a police officer, which wouldn't qualify as a federal predicate. *E.g., United States v. Aviles-Solarzano*, 623 F.3d 470, 472 (7th Cir. 20140); *United States v. Martinez-Sanchez*, 278 F. App'x 676, 678-79 (7th Cir. 2008). Because the Illinois aggravated battery statute encompasses two separate crimes, one which qualifies as a federal predicate and one which doesn't, the statute is "divisible" and the Court must examine a certain limited set of documents to determine whether Jones' battery conviction fell under the right section of the aggravated battery statute to count as a "crime of violence" under the Guidelines. *See Stanley*, 827 F.3d at 566.

Based on a look at the judgment and the other extraneous documents the Court is permitted to review, there's no question that Jones' 2008 aggravated battery conviction was for the portion of the Illinois aggravated battery statute dealing with "great bodily harm." The October 2008 judgment states that Jones was convicted of Section 5/12-4(a), and subsection (a) is the provision that deals with great bodily harm. If there was any doubt, the indictment also states that Jones committed "aggravated battery" by violating Section 5/12-4, subsection (a), when he intentionally caused "great bodily harm to S.S.," in that he "struck S.S. in the face with his hand." The conviction for aggravated battery under Section 5/12-4(a) plainly counts as an offense that was punishable by imprisonment for a term exceeding one year and that had as an element the "use . . . of physical force against the person of another," meaning that it qualified as

10

a career offender predicate under Section 4B1.1. *See United States v. Miranda*, **484 F. App'x 70, 71 (7th Cir. 2012).** No objection by Jones' counsel at sentencing calling for more documentation would have changed that fact, so Jones has suffered no prejudice.

That covers Jones' arguments in his initial petition, leaving only his claim in his amended petition that his career classification violates the Supreme Court's decision in *Johnson v. United States*, **135 S. Ct. at 2551.** *Johnson* found that part of the Armed Career Criminal Act was unconstitutional. The Armed Career Criminal Act requires longer federal sentences for persons convicted of three or more violent felonies or serious drug offenses, and it defined "violent felony" as, among other things, a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The "otherwise involves" catch-all is known as the residual clause, and *Johnson* found that clause and that clause alone unconstitutionally vague. The Seventh Circuit has extended *Johnson's* reasoning to the career offender enhancement of the Guidelines, as the career enhancement also allows a prior conviction to count as a predicate based on the same language. *United States v. Hurlburt*, **— F.3d —, 2016 WL 4506717, at *1 (7th Cir. Aug. 29, 2016).** But *Johnson* impacts only those state convictions that qualify as predicates under the residual clause of the Armed Career Criminal Act or Section 4B1.1 of the Guidelines—if a state crime counted as a predicate under another clause of the federal enhancement, the case doesn't apply. *See Stanley*, **877 F.3d at 564.**

The United States offers a number of reasons why the *Johnson* claim must fail on the facts here: it says that the *Johnson* claim is precluded by Jones' plea waiver, that *Johnson* can't be used to collaterally attack a career classification at all, that *Johnson*

doesn't apply retroactively on collateral review, and that even if *Johnson* could be used here, it has no applicability to Jones' career predicates.  Jones' appointed counsel for his *Johnson* claim concurs with the United States' last point, and both parties are correct.  Jones has two predicate drug offenses and one predicate aggravated battery conviction, and neither qualified as predicates under the residual clause of Section 4B1.1.  The drug convictions were predicates because they were "controlled substance offenses," and the aggravated battery conviction was a predicate because it qualified under Section 4B1.1's elements clause.  The drug and elements sections weren't impacted one iota by *Johnson*, so Jones' argument based on that case must fail.  *See Stanley*, **877 F.3d at 564.**

There is one closing item:  pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant, as the applicant can't appeal without one.  The habeas statute provides that a certificate may issue only where the petitioner "has made a substantial showing of the denial of a constitutional right," **28 U.S.C. § 2253**, as would be the case when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, **529 U.S. 473, 484 (2000).**  Based upon the record before it, the Court concludes that reasonable jurists wouldn't find Jones' points debatable, so the Court must deny a certificate of appealability.

### Disposition

Jones' three state offenses were properly counted as career offender predicates, and they weren't counted as predicates under the residual clause that was laid to waste by the *Johnson* decision.  Accordingly, the Court must **DENY** Jones' § 2255 petition

(Docs. 1 & 7).  Jones' § 2255 petition is **DISMISSED**, and the Court **DENIES** a certificate of appealability.  The **CLERK** is **DIRECTED** to close this case.

 **IT IS SO ORDERED.**

 DATED:  September 30, 2016

                /s/ **Michael J. Reagan**
                **Chief Judge Michael J. Reagan**
                **United States District Court**